UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 08-61790-CIV-COHN

QUALITY DATA SYSTEMS, INC., a
Virginia corporation,

    Plaintiff,

vs.

FINANCIAL BUSINESS EQUIPMENT
SOLUTIONS, INC., a Florida corporation,

    Defendant.
_____/

FINANCIAL BUSINESS EQUIPMENT
SOLUTIONS, INC., a Florida corporation,

    Counter-Plaintiff and Third Party Plaintiff,

vs.

BILLCON CORPORATION OF AMERICA,
a California corporation and
QUALITY DATA SYSTEMS, INC.,
a Virginia corporation,

    Third Party Defendant
    and Counter-Defendant.
_____/

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND TO STAY COUNTERCLAIM**
**ORDER DENYING MOTION TO WITHDRAW**
**ORDER DIRECTING RESPONSE TO MOTIONS TO DISMISS**

THIS CAUSE is before the Court upon Plaintiff Quality Data Systems, Inc.'s Verified

Motion for Counter-Plaintiff to Pay Attorneys' Fees from Previous Action and to Stay

Financial Business Equipment Solution Inc.'s Counterclaim Pending Payment of Same

[DE 11], Defendant/Counter-Plaintiff's Counsel's Motion to Withdraw [DE 22], Third-Party

Defendant Billcon's Motion to Dismiss [DE 24], and Plaintiff's Motion for Involuntary Dismissal of Counterclaim [DE 26].  The Court has carefully considered all of the motions and is otherwise advised in the premises.

## I.  BACKGROUND

This dispute arose when Plaintiff Financial Business Equipment Solutions, Inc. ("FBES") attempted to fulfill its contract to supply coin counting machines to Bank of America.  In May of 2007, FBES entered into negotiations to obtain these machines from Billcon, an approved Bank of America vendor, though an individual named Pat Zambito, a principal for a separate company called Quality Data Systems, Inc. ("QDS").  FBES entered into a supply agreement with Billcon and a total amount of over $1 million of coin counting machines were purchased from Billcon/QDS by FBES for Bank of America (approximately 413 machines at $2,650 each).  FBS refused to pay the entire bills from QDS due to the "extra" cost of $200 per machine.  Because QDS was not an authorized vendor for Bank of America, Bank of America terminated its agreement with FBES.

QDS brought this action against FBES for breach of contract, unjust enrichment and open account.  FBES answered the complaint and filed a counterclaim against QDS for fraud, tortious interference, equitable estoppel and conspiracy [DE 10].  These claims mirrored a prior action brought by FBES against QDS.  See Case No. 08-60769-Civ-Cohn/Seltzer.  FBES also brought a third party claim against Billcon for common law indemnity [DE 10].

QDS has moved for FBES to pay its attorney's fees and costs from the prior action and to stay the counterclaim pursuant to Rule 41(d) of the Federal Rules of Civil

Procedure. After receiving an extension of time to respond to this motion, FBES's counsel moved to withdraw at the extended deadline for FBES to respond to the motion. No response was ever filed. Shortly after the motion to withdraw was filed, Billcon moved to dismiss FBES's third-party complaint, while QDS moved for involuntary dismissal of FBES's counterclaim.

## II.  DISCUSSION

### A.  Rule 41(d) Motion for Fees and for a Stay

Rule 41(d) of the Federal Rules of Civil Procedure states that "if a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." QDS invokes this Rule to force FBES to pay $97,781.20 in attorney fees and $7,072.31 in costs before allowing the counterclaim to proceed.[1] The motion has substantial merit, as FBES has refiled its prior action claims as counterclaims in this action. QDS does acknowledge that there is a split of authority as to whether attorney's fees can be included in a Rule 41(d) award. The only published opinion within the Eleventh Circuit on this issue appears to be Cadle Company v. Beury, 242 F.R.D. 695, 697-99 (S.D.Ga. 2007), in which the district court concluded that attorney's fees are

---

[1] QDS acknowledges that it is seeking the same fees and costs as part of a post-dismissal motion in Case No. 08-60769, but asserts the Rule 41(d) ground is separate from its argument in the other case. The Court agrees that the arguments are independent of its each other. However, the same fees and costs cannot be awarded twice. In the prior action, the Court is granting the motion for costs and denying the motion for attorney fees.

properly included in "costs" awarded under Rule 41(d) to further the purpose of limiting refiled and/or vexatious actions.

Upon the unrebutted authority before it, and upon review of the record in this action and the prior action, this Court concludes that it is appropriate to grant the motion and stay FBES's counterclaim until payment of attorney's fees and costs (costs are separately awarded by judgment in the prior action pursuant to Rule 54).[2]  However, as to the amount of attorney's fees, this Court does believe that it is likely that portions of the attorney expense in the prior action would necessarily be occurred in the present action.  Cadle, 242 F.R.D. at 699-700.  Counsel for QDS acknowledged in its motion that courts have not always awarded 100% of the prior action fees for this reason.  Although a line by line analysis of fees is not necessarily required, counsel for QDS should submit a supplemental filing that attempts to support how many of its hours are reasonably expected to not be incurred during the present action and thus should be paid up front by FBES.

### B.  Motion to Withdraw

FBES counsel W.J. ("Jeff") Barnes moves to withdraw due to irreconcilable differences as the company is out of business and is in the process of filing an "Assignment for the Benefit of Creditors."  QDS has some objections to the motion but agrees that if asked its position prior to the motion's filing, it would not oppose the motion as long as it is conditioned upon FBES obtaining substitute counsel and that its pending

---

[2]  The filing of FBES's counsel's motion to withdraw did not stay the requirement that FBES respond to QDS's pending motion for which it had previously been granted an extension.

4

motion for Attorney's Fees from Previous Action be granted.

It is a well-settled principle of law that a corporation cannot appear pro se and must be represented by counsel.  See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-1386 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); National Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Company, 748 F.2d 602, 609 (11th Cir. 1985), cert. denied 471 U.S. 1056 (1985).  Although the instant motion states that FBES is represented by Lee Osbourne, Esq., Attorney Osbourne did not file any appearance in this case.  The instant motion does not include a name and address for service upon an appropriate corporate officer, nor does it state the position of the corporate Defendant regarding the motion to withdraw, nor does it appear that an officer of the corporation was copied with the motion (although Attorney Osbourne was copied).  Therefore, the Court will deny the motion at this time until either alternate counsel appears or corporate contact information is included in a motion.  Furthermore, the Court agrees with QDS that filing of the motion to withdraw did not stay the requirement that FBES respond to QDS's pending motion.  As noted above, the Court is granting that motion.

### C.  Motions to Dismiss

The Court will provide FBES one final chance to respond to both QDS and Billcon's motions to dismiss the counterclaim and third-party claim, respectively, as these motions were filed after the motion to withdraw was filed.

III.  CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff Quality Data Systems, Inc.'s Verified Motion for Counter-Plaintiff to Pay Attorneys' Fees from Previous Action and to Stay Financial Business Equipment Solution Inc.'s Counterclaim Pending Payment of Same [DE 11] is hereby **GRANTED**;

2. The Counterclaim is stayed until payment of the cost judgment in Case No. 08-60769 and the attorney's fees award forthcoming in this action;

3. Counsel for QDS shall submit its supplemental filing regarding attorney hours in the prior action, as explained above, by June 2, 2009;

4. FBES may make any objections or response to this filing by June 11, 2009;

5. Defendant/Counter-Plaintiff's Counsel's Motion to Withdraw [DE 22] is hereby **DENIED**, as explained above;

6. FBES shall respond to Third-Party Defendant Billcon's Motion to Dismiss [DE 24] and Plaintiff's Motion for Involuntary Dismissal of Counterclaim [DE 26] by May 28, 2009, or those motions shall be granted.  Any filing of a renewed motion to withdraw by counsel shall not toll this deadline.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 18th day of May, 2009.

JAMES I. COHN
United States District Judge

Copies furnished to:
Daniel Matlow, Esq./Steven Marcus, Esq.
Jeff Barnes, Esq.
Alexander Brown, Esq./Amy Galloway, Esq.
Gregg A. Rapoport, Esq.